IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JOHN HERSEY, and                                                                    PLAINTIFFS
ELLA HERSEY

V.                                                         CIVIL ACTION NO. 1:15-CV-127-SA-RP

FOOD GIANT SUPERMARKETS, INC.                                                       DEFENDANT

MEMORANDUM OPINION

Now before the Court is Food Giant Supermarkets Inc.'s Motion for Summary Judgment [28]. John and Ella Hersey responded [33] by requesting under Federal Rule of Civil Procedure 56(d) that the Court defer consideration of Food Giant's motion until the close of discovery. The Court granted the Herseys' request and extended the time for them to respond beyond the close of discovery. The Herseys failed to respond.[1]

*Factual and Procedural Background*

On May 20, 2014 John Hersey drove his wife Ella to the Food Giant supermarket in Okolona, Mississippi. John Hersey remained outside while Ella Hersey went inside the store to shop. As she entered the store, Ella Hersey tripped and fell over a rubber backed rug in the entryway. Ella Hersey was injured in the fall and does not remember whether the rug was upturned when she tripped. Other customers and assistant store manager Amanda Red came to her assistance. The store video camera recording system may have captured Ella Hersey's fall but the quality of the images is extraordinarily poor, in part because a strong glare from the sun blocks out the majority of the video. In addition, due to technical difficulties, Food Giant was unable to capture the footage directly from the recording system. Instead, store manager Red

---

[1] The Plaintiffs' original Response [33] requesting deferral under Rule 56(d) did contain some brief responses to Food Giant's summary judgment arguments which the Court will consider.

took a second video with her cell phone of the store's monitor replaying the original video. This additional recording layer further degraded the quality of the recording.

The Herseys filed their Complaint [2] against Food Giant Supermarkets, Inc. in July of 2015. Ella Hersey asserts a claim for negligence based on premises liability and requests actual and punitive damages. John Hersey asserts a claim for loss of consortium. Mississippi substantive law applies in this diversity case. *See Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 233 (5th Cir. 2014) (citing *Wood v. RIH Acquisitions MS II, LLC*, 556 F.3d 274, 275 (5th Cir. 2009)).

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*. at 324, 106 S. Ct. 2548 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069,

1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

Even though the Plaintiffs did not respond to the instant summary judgment motion, Rule 56 makes it clear that there is "no summary judgment by default" and the lack of a response by the Plaintiff does not alter the Court's summary judgment inquiry. *See* FED. R. CIV. P. 56(e) advisory committee notes to 2010 amendments. Summary judgment may only be granted if it is appropriate to do so. *See* FED R. CIV. P. 56(a) The Fifth Circuit has held that "although '[a] motion for summary judgment cannot be granted simply because there is no opposition' . . . a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Calais v. Theriot*, 589 F. App'x 310, 311 (5th Cir. 2015) (quoting *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

*Premises Liability*

The analysis of premises liability claims under Mississippi law requires a determination on three fronts: (1) legal status of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood*, 556 F.3d at 275 (citing *Massey v. Tingle*, 867 So. 2d 235, 239 (Miss. 2004)). In the instant case, the parties agree the Plaintiff was a business invitee at the relevant times. "[A] business invitee [is] 'a person who goes upon the premises of another in answer to the express or implied invitation of the owner or occupant for their mutual advantage.'" *Kinstley v. Dollar Tree Stores, Inc.*, 63 F. Supp. 3d 658, 661 (S.D. Miss. 2014) (citing *Turner v. Entergy Miss., Inc.*, 139 So. 3d 115, 117 (Miss. Ct. App. 2014)).

A premises owner owes invitees a duty of reasonable care, to "maintain its premises in a reasonably safe condition," but a premises owner is "not an insurer of the safety of invitees." *Pigg v. Express Hotel Partners, LLC*, 991 So. 2d 1197, 1199 (Miss. 2008); *Wood*, 556 F.3d at 275. This includes duties to "warn of any dangerous conditions not readily apparent which the owner knew, or should have known, in the exercise of reasonable care, and the duty to conduct reasonable inspections to discover dangerous conditions existing on the premises." *Pigg*, 991 So. 2d at 1199–1200 (quoting *Gaines v. K–Mart Corp.*, 860 So. 2d 1214, 1216 (Miss. 2003)). The breach of either duty supports a claim of negligence. *Pigg*, 991 So. 2d at 1200; *Mayfield v. The Hairbender*, 903 So. 2d 733, 738 (Miss. 2005).

In order to prove breach in a slip-and-fall case, a plaintiff must:

> (1) show that some negligent act of the defendant caused his injury; or (2) show that the defendant had actual knowledge of a dangerous condition and failed to warn the plaintiff; or (3) show that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant, in that the defendant should have known of the dangerous condition.

*Kinstley*, 63 F. Supp. 3d at 661 (quoting *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914, 918 (Miss. 2000)). Stated simply, a plaintiff "cannot succeed on a premises-liability claim without showing either that the defendant created the dangerous condition or that the defendant possessed actual or constructive knowledge of the dangerous condition in sufficient time to remedy it." *Jones v. Imperial Palace of Mississippi, LLC*, 147 So. 3d 318, 322 (Miss. 2014).

*Discussion and Analysis*

Defendant Food Giant argues that the Plaintiffs failed to allege any facts that show that the Defendant created or had actual or constructive knowledge of a dangerous condition. Food Giant now requests summary judgment in their favor because the Plaintiffs cannot prove these essential elements of their claims.

A review of the record in this case reveals that the Plaintiffs have not alleged or cited any facts that could show either that the Defendant created any dangerous condition or that the Defendant possessed actual or constructive knowledge of any dangerous condition. The Plaintiffs' complaint contains a bare recitation of the elements of a premises liability claim. In the summary judgment context, conclusory allegations and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little*, 37 F.3d at 1075.

The Plaintiffs do argue that the video is of such poor quality that it is unclear what it depicts. The Court agrees. However, the Plaintiffs' argument that the poor quality of the video somehow creates a question of fact for a jury is incorrect. The lack of factual evidence in the video does nothing to alleviate the absence of factual support for the elements of the Plaintiffs' claims. The only other evidence brought forth by the Plaintiff was Ella Hersey's deposition which is likewise devoid of facts that could show either that the Defendant created a dangerous condition or that the Defendant possessed actual or constructive knowledge of a dangerous condition.

Although the moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," the nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 323-24, 106 S. Ct. 2548 (citation omitted). In addition, to survive summary judgment, the Plaintiffs "must produce more than evidence of an injury." *Pigg*, 991 So. 2d at 1200 (citing *Sears, Roebuck & Co. v. Tisdale*, 185 So.2d 916, 917 (Miss.1966) (holding

that the basis of liability is negligence and not injury)). Because the Plaintiffs failed to make a showing sufficient to establish the existence of several elements essential to their case on which they will bear the burden of proof at trial, summary judgment is granted in the Defendant's favor on all of Ella Hersey's claims. *Celotex*, 477 U.S. at 322, 106 S. Ct. 2548.

Because John Hersey's loss of consortium claim is wholly derived from Ella Hersey's claims, it too must be dismissed. "Mississippi law dictates that if the underlying personal injury claim is disposed of, the loss of consortium claim cannot be maintained on its own." *Cox v. Wal-Mart Stores E., L.P.*, 755 F.3d 231, 235 (5th Cir. 2014) (quoting *J & J Timber Co. v. Broome*, 932 So.2d 1, 6 (Miss. 2006).

For these reasons, Defendant Food Giant Supermarkets, Inc.'s Motion for summary judgment [28] is GRANTED, and all of the Plaintiffs' claims are DISMISSED with prejudice. This CASE is CLOSED.

SO ORDERED on this the 9th day of January 2016.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE